1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10                           ----oo0oo----

11

12  CORTINA INTEGRATED WASTE          No. 2:24-cv-3014 WBS AC
    MANAGEMENT, INC.,

13
                    Plaintiff,

14                                     ORDER RE: MOTION TO INTERVENE
        v.                             BY KLETSEL DEHE WINTUN NATION

15                                     OF THE CORTINA RANCHERIA
    UNITED STATES DEPARTMENT OF THE

16  INTERIOR; UNITED STATES BUREAU
    OF INDIAN AFFAIRS; BRYAN

17  NEWLAND, in his official
    capacity as Assistant Secretary

18  in the U.S. Department of the
    Interior-Indian Affairs; BRYAN

19  MERCIER, in his official
    capacity as Director of the

20  Bureau of Indian Affairs in the
    U.S. Department of the Interior;

21  AMY DUTSCHKE, in her official
    capacity as Regional Director

22  for the Bureau of Indian Affairs
    Pacific Region; and INTERIOR

23  BOARD OF INDIAN APPEALS,

24                  Defendants.

25

26                           ----oo0oo----

27          Plaintiff Cortina Integrated Waste Management, Inc.

28  filed the instant action for declaratory and equitable relief

                                    1

1    alleging that the federal government defendants unlawfully

2    terminated its lease.  (Docket No. 1.)  The Kletsel Dehe Wintun

3    Nation of the Cortina Rancheria ("Tribe") moves to intervene.

4    (Docket No. 12.)  Plaintiff and defendants do not oppose the

5    Tribe's intervention.[1]  (See Docket Nos. 14-15.)

6         Under Federal Rule of Civil Procedure 24(a)(2), the

7    court must grant a timely motion to intervene as a matter of

8    right where the movant "claims an interest relating to the

9    property or transaction that is the subject of the action and is

10   so situated that disposing of the action may as a practical

11   matter impair or impede the movant's ability to protect its

12   interest, unless existing parties adequately represent that

13   interest."  See also Wilderness Soc'y v. U.S. Forest Serv., 630

14   F.3d 1173, 1177-78 (9th Cir. 2011) (en banc) (same).

15        The Tribe's motion is timely since the court has not

16   heard any dispositive motions in the case.  See Hoopa Valley

17   Tribe v. U.S. Bureau of Reclamation, 648 F. Supp. 3d 1196, 1200-

18   01 (E.D. Cal. 2022) (concluding a tribe's motion to intervene was

19   timely because it was filed "well before any substantive matters

20   had been heard or decided").

21        Moreover, the Tribe provides evidence showing that it

22   is plaintiff's counterparty in the lease at issue (see

23   Docket No. 12-1 at 101-05), which establishes the type of

24   interest contemplated by Rule 24(a)(2).  See Backcountry Against

25   Dumps v. U.S. Bureau of Indian Affairs, No. 20-CV-2343 JLS (DEB),

26   _____

27        [1]   Because the motion is unopposed and the court does not
     see that it would be assisted by oral argument, the hearing on
     March 17, 2025 is vacated and the court takes the motion under

28   submission on the moving papers.  See L.R. 230(g).

1  2021 WL 2433942, at *3-4 (S.D. Cal. June 14, 2021).  If the Tribe

2  did not intervene, its interest in the lease may be impaired by

3  the disposition of the instant matter.  See id.

4         Finally, the Tribe asserts without contradiction its

5  concern that the current parties will not adequately protect its

6  interest in the lease because the federal government does not

7  share the Tribe's reasons for defending the lease in question.

8  See No Casino In Plymouth v. Nat'l Indian Gaming Comm'n,

9  No. 2:18-cv-1398 TLN CKD, 2022 WL 1489498, at *10-11 (E.D. Cal.

10 May 11, 2022), aff'd on other grounds, No. 22-15756, 2023 WL

11 4646113, at *1-2 (9th Cir. July 20, 2023), cert. denied, 144 S.

12 Ct. 1347 (2024).  Accordingly, the requirements for intervention

13 under Rule 24(a)(2) are met.

14        IT IS THEREFORE ORDERED that the Tribe's motion to

15 intervene (Docket No. 12) be, and the same hereby is, GRANTED.

16 The Tribe shall file its proposed answer (Docket No. 12-2) on the

17 court's docket within 14 days.

18 Dated:  February 27, 2025

19                          WILLIAM B. SHUBB
                           UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26

27

28